UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D'SHAWN CALDWELL,<br><br>    **Plaintiff,**<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL INCORPORATED; and JOHN DOES 1-5 AND 6-10,<br><br>    **Defendants.** | CIVIL ACTION NO.: 3:23-cv-01990 |

**CHIPOTLE MEXICAN GRILL, INC.'S NOTICE OF REMOVAL**

COMES NOW Defendant Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant"),[1] by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of the above-styled action, originally filed in the Superior Court of New Jersey, Mercer County, to the United States District Court for the District of New Jersey. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).[2]

**I.    NATURE OF THE ACTION**

1. On or about March 2, 2023, Plaintiff D'Shawn Caldwell ("Plaintiff") commenced a civil action in the Superior Court of New Jersey, Mercer County, Docket No. MER-L-000417-23, naming Chipotle and John Does 1-5 and 6-10 as parties to this action ("State Court Action").

---

[1] Plaintiff has improperly identified "Chipotle Mexican Grill Incorporated" as the Defendant in this case. The proper name for this entity is "Chipotle Mexican Grill, Inc." Nevertheless, Chipotle Mexican Grill, Inc. is not a proper party to this matter. The proper Defendant is Chipotle Services, LLC, which is the entity that employed Plaintiff.

[2] Chipotle is one of the named Defendants and appears here in the exercise of its rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

True and correct copies of all process, pleadings, and other papers or exhibits of every kind on file in the State Court Action are attached hereto as **Exhibit A**.

2. Plaintiff's Complaint contains claims arising under the New Jersey Conscientious Employee Protection Act ("CEPA") and the New Jersey Wage Payment Law. (*See* **Exhibit A**, Plaintiff's Compl., Count I and Count II).

3. Chipotle hereby removes this action, noting that this Court has diversity jurisdiction over this matter and is the proper venue, as specifically described below.

## II.   REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION

4. Removal of this case is proper under 28 U.S.C. §§ 1332 and 1441(b) because this Court has original jurisdiction over this civil action because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. Upon information and belief, Plaintiff was a citizen of the State of New Jersey at the time the State Court Action was filed, and at all times since. (*See* **Exhibit A**, Plaintiff's Compl., p. 1.)

6. Chipotle is a business corporation incorporated under the laws of the State of Delaware and has its principal business in the State of California (more specifically, 610 Newport Center Drive, Suite 1100, Newport Beach, CA, 92660). Therefore, Chipotle is a citizen of the States of Delaware and California for the purposes of diversity jurisdiction under 28 U.S.C § 1332(c)(1).

7. In the Third Circuit, where the plaintiff does not specifically allege the actual amount of damages sought, a defendant seeking removal based on diversity jurisdiction need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, exclusive of interest and costs. *Wilkins v. Navy Fed. Credit Union*, Civil Action No. 22-

2916, 2023 WL 239976, at *4 (D.N.J. Jan. 18, 2023) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)); *Grace v. T.G.I. Fridays, Inc.*, Civil No. 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015). Courts apply the "legal certainty test" when determining whether the amount in controversy exceeds the jurisdictional threshold. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 503–505 (3d Cir. 2014) (quoting *Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 397 (3d Cir. 2004)); *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007) (alteration in original) (citations omitted) ("[I]n those cases 'when relevant facts are not in dispute or findings have been made,' the district court should adhere to the 'legal certainty test . . . .'"). This legal certainty test does not require a removing party to make an affirmative showing, by a preponderance of the evidence, that plaintiff is more likely than not entitled to more than $75,000 in damages. *Montilus v. Munoz*, Civil Action No. 09-4143, 2009 WL 3246609, at *2 (D.N.J. Oct. 6, 2009). Moreover, under the legal certainty test, courts will only remand or dismiss a case if it is apparent from the face of the complaint that the plaintiff *cannot* recover the amount claimed. *Montilus,* 2009 WL 3246609, at *2 (quoting *Federico*, 507 F.3d at 194); *Salce v. First Student, Inc.*, Civil Action No. 09-3384, 2009 WL 3260643, at *2 (D.N.J. Oct. 9, 2009) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

8. In the "Count I Wherefore" paragraph following paragraph 49 in Plaintiff's Complaint, Plaintiff requests "economic compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just." (*See* **Exhibit A**, Plaintiff's Compl., p. 5.)

9. In the "Count II Wherefore" paragraph following paragraph 52 in Plaintiff's Complaint, Plaintiff requests "unpaid wages . . . together with interest, directing Defendants to pay

- 3 -

an amount equal to 200% of the unpaid wages due . . . and reasonable attorney's fees." (*See* **Exhibit A**, Plaintiff's Compl., p. 6.)

10. In Count III of Plaintiff's Complaint, Request for Equitable Relief, Plaintiff seeks back pay, front pay, and "lost wages benefits, fringe benefits, and other remuneration," and costs and attorneys' fees. (Plaintiff's Compl. at ¶¶ 57-59.)

11. Here, while Chipotle denies that Plaintiff's claims have any merit or that Plaintiff has suffered any harm or damages, Chipotle avers, for the purpose of meeting the jurisdictional requirements of removal only, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Similar cases support Chipotle's averment as to the amount in controversy. For example, in *Mantill v. Apgar Brothers Trucking Co.*, MID-L-007140-12, 2014 WL 8879646 (N.J. Super. Ct. Law Div. Nov. 19, 2014) (verdict and settlement summary), the court awarded the plaintiffs in a retaliation and wrongful termination case $513,500 under claims including CEPA for compensatory past wages and other damages. In *Kazaba v. Township of Randolph*, MRS-L-001652-12, 2017 WL 9516699 (N.J. Super. Ct. Law Div. Apr. 20, 2017) (verdict and settlement summary), the court awarded the plaintiff in a CEPA retaliation case $150,000 in compensatory damages. In *Sergeant Duym v. Township of Millburn; the Governing Body of the Township of Millburn*, ESX-L-001935-12, 2014 WL 3704210 (N.J. Super. Ct. Law Div. May 22, 2014) (verdict and settlement summary), the court awarded the plaintiff in a CEPA retaliation case $455,000 for compensatory and economic damages. These awards demonstrate that, for diversity purposes, the value of damages in CEPA cases far exceeds the $75,000.00 amount in controversy requirement.

13. Based on Plaintiff's allegations and request for damages, it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### III. VENUE IS PROPER IN THE DISTRICT OF NEW JERSEY

14. Because this action is pending in the Superior Court of New Jersey, Mercer County, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. §§ 110 & 1441(a).

### IV. REMOVAL IS PROCEDURALLY PROPER

15. This Notice of Removal is timely under 28 U.S.C. § 1446(b). The Complaint was filed on March 2, 2023 and served on March 9, 2023. (*See* **Exhibit A**.) Because removal is made within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

16. The United States District Court for the District of New Jersey encompasses the place where this action was originally filed. *See* 28 U.S.C. § 1446(a).

17. Pursuant to 28 U.S.C. § 1446(a), documents filed in the State Court Action, the copy of the docket sheet in the State Court Action, and copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as **Exhibit A**. Chipotle has not yet filed its answer in the State Court Action.

18. Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(a) and (d). Attached hereto as **Exhibit B** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

19. Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

### V. NON-WAIVER OF DEFENSES

20. By filing this Notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim

upon which relief may be granted, or that Plaintiff is entitled to any damages or any other relief sought in the Complaint.

## VI. REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED

21. As the party requesting removal, Chipotle's instant Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to the matters of pleading.'" *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. Chipotle has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type evidence.

22. In the event Plaintiff files a motion or other request to remand, or the Court considers remand *sua sponte*, Chipotle reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including competent evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, on the grounds stated above, this action is removed to, and should proceed in, the United States District Court for the District of New Jersey.

This 7th day of April, 2023.

Respectfully submitted,

/s/ Michael A. Alberico

_____
Michael A. Alberico (Attorney ID No. 157282015)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Princeton Pike Corporate Center, Suite 203
2000 Lenox Drive
Lawrenceville, New Jersey 08648
(609) 989-5055
(609) 392-7956 [Fax]
malberico@eckertseamans.com

 -and-

Betsy Bulat (*pro hac vice* application forthcoming)
bbulat@martensonlaw.com
Feifan Drouyor (*pro hac vice* application forthcoming)
fdrouyor@martensonlaw.com
MARTENSON, HASBROUCK, & SIMON LLP
40 Exchange Place, Suite 1502
New York, New York 10005
T: 332-345-2470
F: 212-433-8540

*Attorneys for Defendant, Chipotle Mexican Grill, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2023, a true and accurate copy of the foregoing NOTICE OF REMOVAL has been served via electronic mail and U.S. Mail, first class, postage prepaid on the following counsel of record:

Erica B. Askin, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
easkin@costellomains.com

/s/ Michael A. Alberico
_____
Michael A. Alberico, Esq.

4889-6094-7035, v. 1